IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:24-bk-01219-HWV |
| SCHOFFSTALL FARM, LLC | : | |
| d/b/a Spring Gate Winery | : | Chapter 11 |
| d/b//a Spring Gate Brewery | : | Subchapter V |
| a/k/a Spring Gate Vineyard | : | |
| a/k/a Spring Gate | : | |
| | : | |
| Debtor | : | |

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
TO UTILIZE CASH COLLATERAL**

The Motion of Schoffstall Farm, LLC d/b/a Spring Gate Winery, d/b/a Spring Gate Brewery, a/k/a Spring Gate Vineyard, a/k/a Spring Gate ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On May 14, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania limited liability company engaged in the business of operating a winery, restaurant, entertainment venue and related facilities (the "Business").

3. The Debtor may be indebted to potential secured creditors (the "Lenders") as follows:

   a. Horizon Farm Credit, ACA, formerly known as MidAtlantic Farm Credit, ACA ("Horizon"), is believed to hold a first priority security interest in the

personal property of the Debtor, including inventory and accounts. Horizon also has additional collateral consisting of the real estate where the Debtor operates which is owed by an affiliate of the Debtor. As of the Petition Date, it is believed that the approximate amount owed to Horizon is $1,900,000.00.

      b.     Fulton Bank ("Fulton") is believed to hold a second priority lien on the personal property of the Debtor, including inventory and accounts. Fulton also has additional collateral consisting of the real estate where the Debtor operates which is owed by an affiliate of the Debtor. As of the Petition Date, it is believed that the approximate amount owed to Fulton is $700,000.00.

      c.     Leaf Capital Funding, LLC ("Leaf") is believed to hold two (2) credit facilities. The first is a security interest, subordinate to Horizon, Fulton, the SBA and Leaf, in the personal property of the Debtor, including inventory and accounts. As of the Petition Date, it is believed that approximately $19,000.00, is owed to Leaf on the first credit facility. In addition, Leaf may also have a second credit facility consisting of a security interest in certain specific items of equipment of the Debtor. It is believed that the Leaf loan was utilized to purchase such equipment. As of the Petition Date, it is believed that approximately $25,000.00, is owed to Leaf on the second credit facility.

      d.     The Small Business Administration ("SBA") is believed to hold a security interest, subordinate to Horizon, Fulton and Leaf, in the personal property of the Debtor, including inventory and accounts. As of the Petition Date, it is believed that approximately $950,000.00, is owed to the SBA.

      e.     CNH Industrial CapitalAmerica, LLC ("CNH") is believed to hold a lien only in a Case 588H Forklift NFC728336. The funds from CNH are believed to have been utilized to purchase such equipment. As of the Petition Date, it is believed that approximately $5,910.58, is owed to CNH.

      f.     There is an additional lien on certain food service equipment and a Brite Tank, as well as additional other equipment, however, the Debtor is unable to determine the holder of such lien.

      g.     There is an additional lien in favor of an unknown party on certain equipment financed or leased by such unknown party.

4.     The Debtor's inventory and cash are Cash Collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code. Some or all of the Cash Collateral secures the liens of the Lenders.

5. The Debtor is believed to have assets as follows:

   a. Inventory having an approximate value of $700,000.00

   b. Equipment having a book value of approximately $2,145,550.00

   c. Minimal cash on hand.

6. In addition, to what is set forth above, Horizon, Fulton, the SBA and Leaf have a lien on certain real property owned by Martin L. Schoffstall, which is believed to have a value of approximately $3,500,000.00.

7. As a result of all of the collateral upon which the Lenders have a lien, the Debtor believes that the Lenders may have adequate protection.

## THE NEED FOR CASH

8. The Debtor currently has thirty-five (35) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's customers.

9. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. Attached hereto as Exhibit "A" and made a part hereof is a cash flow budget for the Debtor. The Debtor has instituted various overhead cuts and has made operational changes so that, as set forth on Exhibit "A" it is believed that the Debtor can continue to operate.

10. In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals, including the Subchapter V Trustee, and for possible Quarterly Fees owed to the Office of the U.S. Trustee.

11. The Debtor intends to continue to operate thereby generating additional accounts receivable and cash. The Debtor believes it can operate on a profitable basis.

12. Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

13. In order to provide adequate protection to Horizon, Fulton, the SBA and Leaf, the Debtor proposes to provide each of Horizon, Fulton, the SBA and Leaf with replacement liens in post-Petition Cash Collateral, and all other assets in which each may have a pre-Petition security interest and lien, only to the extent that the Lenders are secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition. To the extent that such replacement liens are insufficient and Horizon, Fulton, the SBA and Leaf may have a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which Horizon, Fulton, the SBA and Leaf have pre-Petition liens, and to the extent Horizon, Fulton, the SBA and Leaf are secured in Cash Collateral, Horizon, Fulton, the SBA and Leaf shall be granted administrative claims superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement liens shall be effective without further recordation and shall have the same priority as exists pre-Petition.

14. Given the collateral positions of Horizon, Fulton, the SBA and Leaf, the Debtor believes that Horizon, Fulton, the SBA and Leaf are adequately protected.

15. The Debtor will provide financial information to Horizon, Fulton, the SBA and Leaf as reasonably requested, upon appropriate notice.

**WHEREFORE**, Schoffstall Farm, LLC, the above named Debtor, respectfully requests that this Honorable Court enter an Order:

    a.    Allowing the Debtor to utilize its cash, receivables, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

    b.    Granting replacement liens to Horizon Farm Credit, ACA, Fulton Bank, the Small Business Administration and Leaf Capital Funding, LLC, as appropriate, as set forth above, conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to the Lenders, as appropriate, with such replacement liens to be in post-Petition receivables and cash to the extent there is any diminution in value of the Lenders, as appropriate, collateral positions, as they may exist pre-Petition, as well as continuing liens in all categories of assets as the Lenders, as appropriate, hold in pre-Petition assets of the Debtor. All such liens granted to the Lenders, as appropriate, shall be in such priority as exists pre-Petition. Further the Lenders, as appropriate, shall have administrative claims to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claims, having priority over all administrative claims, except those of fees owed to professionals in the case and to the Office of the U.S. Trustee, and in the same priority as exists pre-Petition;

    c.    Granting the Debtor such other and further relief as is just and proper.

    CUNNINGHAM, CHERNICOFF
    & WARSHAWSKY, P.C.

    By:   /s/ Robert E. Chernicoff
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457

Date: May 16, 2024    (717) 238-6570