UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| SCHOFFSTALL FARM, LLC | : SUB CHAPTER V |
| | : |
| Debtor | : CASE NO. 1-24-01219-HWV |

## MOTION TO AUTHORIZE POST-PETITION RETAINER

TO THE HONORABLE UNITED STATES JUDGE HENRY W. VAN ECK:

AND NOW, comes the above Sub Chapter v Trustee, Lisa A. Rynard, Esquire, and respectfully represents:

1. Schoffstall Farm, LLCs ("Debtor") filed a Chapter 1 Sub Chapter V Bankruptcy proceeding to the above case number on May 14, 2024.

2. Movant was appointed the Sub Chapter V Trustee pursuant to 11 U.S.C. §1183(a) on May 15, 2024.

3. The Sub Chapter V Trustee is paid upon approval of an hourly fee application under 11 U.S.C. §330.

4. The undersigned contends that many Sub Chapter V Debtors have relatively small cash flow or otherwise are thinly capitalized with few unencumbered assets.

5. To avoid uncertainty, the undersigned believes potential professional (Sub V Trustee) fees are best accounted for in any budget and, if relevant, any related proposed use of cash collateral. Such measures help in the event of dismissal or conversion. This measure also helps avoid the scenario whereby the Debtor achieves a consensual plan, only to be met with an administrative fee it does not properly anticipate.

### Memorandum

6. In the past, the Middle District has adopted an approach disfavoring post-

petition retainers, except in rare circumstances. *In re Pannebaker Custom Cabinet Corp.*, 198 B.R. 453 (Bankr. M.D. Pa. 1996).

7. The Court has explained that the allowance of a post-petition retainer hinges on five factors, as follows,

> "(1) The post-petition retainer must comply with the Code provisions and related rules requiring prior court approval of post-petition disbursements from a debtor-in-possession to professions; (2) The use of property of the estate other than in the ordinary course of business must comply with the notice and hearing dictates of Section 363(b)(1); (3) The contemplated terms of a supervised post-petition disbursement must be reasonable; (4) Rare circumstances exist that might warrant an unusual payment arrangement; and (5) The process of accepting a post-petition retainer maintains the integrity of the Bankruptcy system."

*Pannebaker* at 462 -465 (relying on *In re Perrysburg Marketplace Co.*, 176 Bankr. 797 (Bankr. N.D. Ohio 1994).

8. Notably, the United States Trustee has not chosen to appoint a standing trustee under 28 U.S.C. § 586(b). Instead, the U.S. Trustee has elected under 11 U.S.C. § 1183(a) to "Otherwise, … appoint one disinterested person to serve as trustee in the case or the United States trustee may serve as trustee in the case, as necessary."

9. Congress intended for the Sub Chapter V Trustee specifically to safeguard the valuation of liens, to the interest of junior lienholders and unsecured creditors and to monitor and be heard as to the sale of any property.

10. Under 11 U.S.C. § 1183, as promulgated by Congress, the Sub Chapter V Trustee, standing or as appointed, is charged with, among other responsibilities,

> "(b) Duties. – The trustee shall –
> (1) perform the duties specified in paragraphs (2), (5), (6), (7), and (9) of section 704(a) of this title;
> (2) perform the duties specified in paragraphs (3), (4), and (7) of section 1106(a) of this title, if the court, for cause and on request of

a party in interest, the trustee, or the United States Trustee, so orders;
(3) appear and be heard at the status conference under section 1188 of this title and any hearing that concerns –
    (A)    the value of property subject to a lien;
    (B)    confirmation of a plan filed under this subchapter;
    (C)    modification of the plan after confirmation; or
    (D)    the sale of property of the estate;"

11 U.S.C. § 1183.

11. Compensation of a Sub Chapter V *standing* trustee is promulgated, defined and limited under 11 U.S.C. § 326, specifically referencing standing trustees appointed under 28 U.S.C. § 586(b). Compensation of an individual chosen to serve on a *case-by-case basis* is not regulated by 11 U.S.C. § 326 and instead left to the general provisions of 11 U.S.C. § 330.

12. Even where an estate remains as a debtor-in-possession, Congress intended for the Sub Chapter V Trustee to safeguard its assets, including secured and unsecured creditors alike. Congress left to the court determination of reasonable compensation for such services pursuant to 11 U.S.C. § 330. The Sub Chapter V Trustee is not employed nor compensated under 11 U.S.C. §327, but instead in the interest of the estate and, to large extent, its creditors.

## Argument

13. Where Congress intended the Sub Chapter V Trustee to be compensated under 11 U.S.C. §330, and such trustee is not compensated under 11 U.S.C. § 326, Congress intended for that trustee to be afforded compensated from funds available to the debtor, even where such funds might otherwise be collateralized.

14. The undersigned argues that the reasonable administrative expense of the

Sub Chapter V Trustee is a necessary operating expense in the context of a Sub Chapter V estate. However, the undersigned further asserts that a surcharge is appropriate, as needed, to facilitate the enumerated duties of the Sub Chapter V Trustee on behalf of the estate, its collateral, and its creditors.

15. In exercising her duties, the Trustee has already and will likely continue to incur significant fees and expenses. The circumstances of Sub V cases present a high risk non-payment of those fees and expenses without some protections for the Trustee. A post-petition retainer is warranted by these circumstances and offsets the Trustee's risk of non-payment.

16. The undersigned therefore requests that the Debtor add an expense to its budget and that it place a minimum of Five Hundred ($500.00) Dollars per month, payable monthly, beginning June 15, 2024 into an escrow account, to be held by the SubChapter V Trustee, for the benefit of the Subchapter V Trustee, until such time as compensation is awarded or denied the Subchapter V Trustee.

17. The requested post-petition retainer amount is reasonably related to the typical amount of services the Trustee expects to perform in the instant case, including but not limited to review of documents, attendance at hearing, obligations as operating trustee, and communications with the Debtor's Counsel, creditors, and the United States Trustee.

18. Any and all escrow funds shall remain property of the estate until paid to the Sub Chapter V Trustee pursuant to an order of court approving said Sub Chapter V Trustee's fee application.

WHEREFORE, the undersigned requests that the Debtor be ordered: 1) to add a line item of Five Hundred ($500.00) Dollars per month into its budget beginning June 15, 2024 through to and including the month of confirmation; and; 2) to submit the sum of Five Hundred ($500.00) Dollars per month, beginning June 15, 2024, to the Sub Chapter V Trustee, to be held in an escrow account of the SubChapter Trustee, until such time as compensation is awarded or denied the Sub Chapter V Trustee.

Respectfully submitted,

LAW OFFICE OF LISA A. RYNARD

/s/ Lisa A. Rynard
Lisa A. Rynard, Esquire
240 Broad Street
Montoursville, PA 17754
(570) 505-3289
larynard@larynardlaw.com

Dated: May 16, 2024