IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:24-bk-01219-HWV |
|    SCHOFFSTALL FARM, LLC | : | |
|    d/b/a Spring Gate Winery | : | Chapter 11 |
|    d/b//a Spring Gate Brewery | : |    Subchapter V |
|    a/k/a Spring Gate Vineyard | : | |
|    a/k/a Spring Gate | : | |
| | : | |
|                Debtor | : | |

## ORDER

The Motion of the Debtor, Schoffstall Farm, LLC d/b/a Spring Gate Winery, d/b/a Spring Gate Brewery, a/k/a Spring Gate Vineyard, a/k/a Spring Gate ("Debtor") for Approval to Utilize Cash Collateral having come before the Court, and the Court having determined that it is in the best interests of the Debtor that the Debtor be allowed to utilize Cash Collateral; it is

**HEREBY ORDERED that:**

1. The Motion is approved. The Debtor may utilize its cash collateral on an interim basis until the date of the final hearing set forth in paragraph 4 below, unless this Order becomes final as set forth in paragraph 5 below. All capitalized terms not defined herein shall have the same definition as in the Motion. The Debtor is permitted to pay regular, post-Petition expenses, including any fees owed to the Office of the U.S. Trustee and allowed fees and costs to professionals.

2. Horizon Farm Credit, ACA ("Horizon"), Fulton Bank ("Fulton"), the Small Business Administration ("SBA") and Leaf Capital Funding LLC ("Leaf") are granted replacement liens in the Debtor's post-Petition cash collateral consisting of receivables, cash and the proceeds thereof ("Cash Collateral"), and in all assets of the Debtor to which Horizon, Fulton, the SBA and Leaf have liens and security interests pre-Petition, to the extent such liens exist and in such priority as exists pre-Petition, to the extent there is a diminution in value of Horizon's, Fulton's, the SBA's and Leaf's post-Petition Cash Collateral position (as set forth in the Motion). Such liens shall be perfected and effective without any further recordation action and such liens shall survive conversion of this case or appointment of a Trustee in this case. In the event that post-Petition Cash Collateral is insufficient to provide an amount equal to such diminution, then Horizon, Fulton, the SBA and Leaf shall have super priority status pursuant to Bankruptcy Code Section 364(c)(1) and have an administrative claims having priority over all other administrative claims, including those set forth in Bankruptcy Code Sections 503(b) or 507(a) except for amounts

owed for fees to professionals in this case and fees to the U.S. Trustee's Office, which fees shall be *pari passu* with Horizon's, Fulton's, the SBA's and Leaf's administrative claims.

3. The Debtor is permitted to utilize its existing bank accounts, including all bank accounts at PNC Bank and Fulton Bank, until such time as Debtor-in-Possession accounts have been established by the Debtor. All funds in any of the Debtor's existing bank accounts as of the Petition Date shall be made available for the Debtor to utilize.

4. The Debtor shall serve this Order on Horizon Farm Credit, ACA, Fulton Bank, the Small Business Administration, Leaf Capital Funding LLC, the Pennsylvania Department of Labor & Industry, Unemployment Compensation Taxes, the Office of the United States Trustee, the IRS, the U.S. Attorney, the Pennsylvania Department of Revenue through the Office of Attorney General, PNC Bank, as well as the twenty (20) largest unsecured creditors of the Debtor and any parties who have requested service.

5. In the event that any creditor or party-in-interest objects to the Debtor's use of Cash Collateral as set forth in the Motion and as set forth in this Order, such objection must be filed on or before fourteen (14) days from the date of this Order. Such objection shall be served upon counsel for the Debtor, Robert E. Chernicoff, Esquire, P. O. Box 60457, Harrisburg, Pennsylvania 17106-0457 on or before fourteen (14) days from the date of this Order. In the event any objections are filed to the Motion, a final hearing on the Motion will be held on _____, at _____ a.m., in the United States Bankruptcy Court, Courtroom 4B, 4th Floor, 1501 North 6th Street, Harrisburg, Pennsylvania,

6. In the event no objections are timely filed to the Motion, then this Order shall become final.

7. The foregoing is entered without prejudice to the rights of the Debtor to request a modification of this Order or, if needed, an extension of the approval to utilize Cash Collateral.